UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIN FISH II, L.L.C. et al.,

        Plaintiffs,

                                                      Case number 03-73604

v.                                                      Honorable Julian Abele Cook, Jr.

IRA TOWNSHIP, MICHIGAN et al.,

        Defendants.

---

## ORDER

Before this Court is the Defendants' "Motion for a Stay Pending Resolution of State Court Proceedings." For the reasons that are stated below, their motion is denied.

### I.

On September 19, 2003, the Plaintiffs, Tin Fish II et al., initiated this lawsuit in the Eastern District of Michigan, in which it charged the Defendants, Ira Township ("the Township") et al., with a variety of civil rights and constitutional violations regarding their use of a commercial parcel of property ("the property").[1]

The Plaintiffs' allegations center around whether certain outdoor entertainment activities on the property constitute a "special land use" which, in turn, would require them to initially obtain authority from the Township. This legal contest between the parties began when the Township

---

[1] The Plaintiffs have asserted the following claims in a ten count Complaint against the Township: (1) violations of 42 U.S.C. §§ 1983, 1985(3), and 1986, (2) unlawful encroachments upon its fundamental rights to receive due process and equal protection of the law;(3) denial of its rights to full protection under the First Amendment to the United States Constitution, (4) fraud and negligent misrepresentation, (5) silent fraud; and (6) tortious interference with contractual relationships and/or advantageous business expectancies.

filed a complaint in St. Clair County (Michigan) Circuit Court in an effort to obtain injunctive relief that would prohibit one of the Plaintiffs in this law suit, Tin Fish II, from utilizing the property without receiving prior municipal authority.[2] In its pursuit of equitable relief in the state court, the Township maintained that Tin Fish II had violated the parameters of a previously issued special land use permit.[3]

On April 4, 2005, the state court ruled against the Township after concluding that "[no] special land use [permit] exists . . . ." Def. Mot. Stay Pro. Res. S. Ct. Pro., at Ex. 2 ("Opinion Following Non-Jury Trial"). Significantly, the state court did not address the question of whether an "Ira Township Zoning Ordinance requires a special land use permit for restaurant and/or bars to provide outdoor entertainment ...." Def. Mot. Stay Pro. Res. S. Ct. Pro., at Ex. 3 ("Judgment of Dismissal"). An appeal by the Township to the Michigan Court of Appeals, which followed on July 20, 2005, is still pending.

II.

A district court has the discretion to exercise the doctrine of abstention if and when a parallel proceeding is pending in a state court. *See  Colorado River Water Conservation District v. U.S.*, 424 U.S. 800, 813-817 (1976). However, such discretion should be exercised only under "exceptional circumstances." *See id.* at 813 (quoting *County of Allegheny v. Mashuda Co.*, 360 U.S. 185 (1959)); *Moses v. Mercury Constr. Corp.*, 460 U.S. 1, 14 (1983) (quoting *Colorado River*). In determining what constitutes "exceptional circumstances," courts have generally focused on

---

[2]The state court complaint only names Tin Fish as a defendant.

[3]In its complaint, the Township indicated that the special land use permit had been issued to Tin Fish II's predecessor, Surf North.

several factors: (1) the principle of judicial economy, (2) an avoidance of piecemeal litigation, (3) a determination as to whether "the state court proceeding has progressed considerably further than the . . . federal action," *Romine v. Compuserve Corp.*, 160 F.3d 337, 339-342 (6th Cir. 1998), and (4) the content of "the order in which jurisdiction was obtained by the concurrent forums." *See Moses*, 460 U.S. at 15. However, although these factors should be considered, the Supreme Court has urged the lower courts to refrain from applying a "mechanical test" when evaluating a motion for stay. Rather, the courts have been strongly encouraged to conduct a "careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.* at 16.

In utilizing this admonition, this Court must decide (1) whether the issues that are now pending in this Court are parallel to those in the state court litigation, and, if so, (2) whether such "exceptional circumstances" exist that justify the issuance of a stay of this federal litigation.

III.

The Court notes that the Plaintiffs have not made a specific request for a declaratory judgment in this lawsuit to resolve the question of whether a permit is legally required to conduct the disputed entertainment activities under the circumstances of this case. Nevertheless, in order for the Court to find in favor of the Plaintiffs, the Court would need to determine that the Township did not have a legitimate, legal basis for its action (i.e., the absence of a permit). However, this is not the issue that the Defendants raised in the state court proceedings. Significantly, the issue that was raised by the Defendants in the state court action was whether an "existing" special land use permit prohibited the disputed activities - not whether Tin Fish is legally required to obtain a permit.

Therefore, this Court determines that (1) the issues in the state court litigation and in this federal lawsuit are not identical, and (2) the Township has not proffered any good and sufficient reason which would justify the rendering of a decision at this time that the state court proceedings would have any *res judicata* effect on this dispute between the parties.[4]  Hence, there is no known basis in fact or in law to believe that it is necessary for this Court to decide if "exceptional circumstances" exist to warrant the issuance of a stay of this matter.

Accordingly and for the reasons noted above, the Defendants' "Motion for a Stay Pending Resolution of State Court Proceedings" shall be, and is, denied.

IT IS SO ORDERED.


DATED:     November 4, 2005              s/ Julian Abele Cook, Jr.
                                         JULIAN ABELE COOK, JR.
                                         United States District Judge

---

[4] Despite the Township's expectation, there is no reason to believe that the Michigan Court of Appeals would address the issue before this Court—that is, whether Tin Fish II is legally required to obtain a permit to conduct the disputed outdoor entertainment activities. While the Township's complaint to the Michigan Court of Appeals presents the issue in this light, the Township's original complaint to the state trial court and the subsequent non-jury trial did not focus nor addressed this issue at all.  Moreover, the Township's complaint to the Michigan Court of Appeals fails to address the issue actually raised and litigated in the state trial court nor provides any legal basis as to why the state trial court's decision should be overturned. *See* Def. Mot. Stay Pro. Res. S. Ct. Pro., at Ex. 5.

<u>Certificate of Service</u>

I hereby certify that on November 4, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

<u>s/ Kay Alford</u><br>Courtroom Deputy Clerk